UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIM EDWARD ROGERS,<br><br>Plaintiff,<br><br>v.<br><br>EDMUND G. BROWN, JR, et al.,<br><br>Defendants. | No. 2:17-cv-02070-TLN-CKD (PS)<br><br>ORDER |

Plaintiff Kim Edward Rogers, who is proceeding without counsel in this action, has requested leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.[1] (ECF No. 2.) Plaintiff's application in support of his request to proceed *in forma pauperis* makes the showing required by 28 U.S.C. § 1915. Accordingly, the court grants plaintiff's request to proceed *in forma pauperis*.

The determination that a plaintiff may proceed *in forma pauperis* does not complete the required inquiry. Pursuant to 28 U.S.C. § 1915, the court is directed to dismiss the case at any time if it determines that the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against an immune defendant.

---

[1] This action proceeds before the undersigned pursuant to Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

1

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227–28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327.

To avoid dismissal for failure to state a claim, a complaint must contain more than "naked assertions," "labels and conclusions," or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Furthermore, a claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the well-pled factual allegations as true, Erickson v. Pardus, 551 U.S. 89, 94 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

Pro se pleadings are liberally construed. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1988). Unless it is clear that no amendment can cure the defects of a complaint, a pro se plaintiff proceeding *in forma pauperis* is ordinarily entitled to notice and an opportunity to amend before dismissal. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987); Franklin v. Murphy, 745 F.2d 1221, 1230 (9th Cir. 1984).

Here, plaintiff's complaint purportedly bring claims under Title VI of the 1964 Civil Rights Act and 42 U.S.C. § 1983 (see ECF No. 1 at 8), but it lacks sufficient specificity to state a claim upon which relief may be granted. Broadly, plaintiff alleges that defendants, Governor Edmund G. Brown, Attorney General Xavier Becerra, and Sacramento Mayor Darrell Steinberg have instituted policies and programs that have caused "a deprivation of Constitutional and

federal rights for the majority of African-Americans." (Id. at 10.) According to plaintiff, "[t]he state of California and the city of Sacramento has particularly strong feelings against African-American men, and focus on making traffic stops and arrests of men of African-American descent, while ignoring actual Latin American illegal immigrant criminal offenders." (Id. at 11.) Plaintiff has not pointed to any specific conduct by defendants that has caused any specific harm to him. Rather, he cites to laws passed in the state that may help or benefit undocumented immigrants, and which he assumes harm African Americans. (See Id. at 11–13.) Plaintiff's complaint is entirely conclusory, and full of naked assertions. The complaint fails to state a claim and lacks facial plausibility because plaintiff has failed to plead "factual content that [would] allow[] the court to draw the reasonable inference that the defendant[s are] liable for the misconduct alleged." Iqbal, 556 U.S. at 678. To state a claim, plaintiff must provide more than a list of general grievances with state and local policy decisions.

Additionally, to the extent that plaintiff attempts to bring claims on behalf of all African-Americans in California, it appears that he lacks standing. See Lujan v. Defs. of Wildlife, 504 U.S. 555, 560, (1992) ("[T]he irreducible constitutional minimum of standing contains three elements. First, the plaintiff must have suffered an 'injury in fact'—an invasion of a legally protected interest which is (a) concrete and particularized, . . . and (b) 'actual or imminent, not "conjectural" or "hypothetical," ' . . . Second, there must be a causal connection between the injury and the conduct complained of—the injury has to be 'fairly . . . trace[able] to the challenged action of the defendant, and not ... th[e] result [of] the independent action of some third party not before the court.' . . . Third, it must be 'likely,' as opposed to merely 'speculative,' that the injury will be 'redressed by a favorable decision.'") Without a viable claim for relief, however, the court is unable to adequately analyze standing. For these reasons, the complaint is subject to dismissal.

Nevertheless, in light of plaintiff's *pro se* status, and because it is at least conceivable that plaintiff could allege additional facts to potentially state a claim, under 42 U.S.C. § 1983 and/or Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658 (1978), the court finds it appropriate to grant plaintiff an opportunity to amend the complaint.

3

If plaintiff elects to file an amended complaint, it shall be captioned "First Amended Complaint," shall be typed or written in legible handwriting, shall address the deficiencies outlined in this order, and shall be filed within 28 days of this order.

Plaintiff is informed that the court cannot refer to a prior complaint or other filing in order to make plaintiff's first amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint, and once the first amended complaint is filed, the original complaint no longer serves any function in the case.

Finally, nothing in this order requires plaintiff to file a first amended complaint. If plaintiff determines that he is unable to amend his complaint in compliance with the court's order at this juncture, he may file a notice of voluntary dismissal of his claims without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i) within 28 days of this order.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to proceed *in forma pauperis* (ECF No. 2) is granted.
2. Plaintiff's complaint is dismissed, but with leave to amend.
3. Within 28 days of this order, plaintiff shall file either (a) a first amended complaint in accordance with this order, or (b) a notice of voluntary dismissal of the action without prejudice.
4. Failure to file either a first amended complaint or a notice of voluntary dismissal by the required deadline may result in the imposition of sanctions, including potential dismissal of the action with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

Dated: October 25, 2017

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

14/17-2070.rogers.grantIFP.lta

4